UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-337 (KMM/JFD)

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

1. SHAWN GRYGO,
2. SHANTEL MAGADANZ, and
3. HEATHER HEIM,

        Defendants.

**GOVERNMENT'S UNOPPOSED MOTION TO DESIGNATE CASE AS COMPLEX UNDER THE SPEEDY TRIAL ACT**

    The United States of America by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Assistant United States Attorneys Lindsey E. Middlecamp, respectfully moves the Court for an order designating the above-captioned matter as a complex case for purposes of the Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161(h)(7)(B)(ii) and (iv). The grounds for this motion are as follows.

    1.    The grand jury returned a 13-count indictment in this matter related to a multi-million dollar conspiracy to defraud Medicaid and other health care programs. The indictment charges all defendants with Conspiracy to Commit Wire Fraud, and additional counts of Wire Fraud, , in violation of 18 U.S.C. §§ 1349, 1343, and 2. Defendant Shawn Grygo is also charged with Monetary Transactions with Proceeds of Specified Unlawful Activity, in violation of 18 U.S.C. § 1957.

2.      These charges involve allegations of health care billing fraud spanning a number of years and implicate billing and client records associated with hundreds of former clients who were enrolled to receive substance abuse treatment services at Evergreen Recovery and related entities associated with the defendants. Discovery in this case is voluminous, and to date, involves both transactional records produced in response to grand jury subpoenas, and voluminous business records and communications obtained through search warrants. By way of example, over 116,000 emails have been seized as part of the investigation, and thousands of relevant entries within electronic health records software have been preserved in their native format. Scanning of additional physical records remains ongoing. A separate discovery file maintained in the parallel civil investigation into Evergreen Recovery, Inc. and its principals, including the defendants, is expected to be produced as well. Organizing and producing the volume of documents will take time, and the defendants will require adequate time to review these materials before proceeding to motions practice in this case.

3.      The Speedy Trial Act requires that trial begin within 70 days after a defendant is charged or makes an initial appearance unless the running of the time is stopped for reasons set out in the statute. *See* 18 U.S.C. § 3161; *United States v. Lucas*, 499 F.3d 769, 782 (8th Cir. 2007). Periods of delay caused by pretrial motions are excluded from the calculation of this 70-day time frame, as are continuances granted by the court in order to best serve "the ends of justice." *United States v. Shepard*, 462 F.3d

847, 863 (8th Cir. 2006). Local Rule 12.1 sets forth time periods for discovery disclosures, filing of pretrial motions, and motions hearings. Under the local rules, to the extent practicable, the Government shall produce discovery within 7 days of arraignment, defendants shall produce reciprocal discovery within 14 days of arraignment, and the parties shall file pretrial motions within 21 days of arraignment. L.R. 12.1(a)-(c).

4. Under Section 3161(h)(7)(B)(ii), the Court may continue proceedings beyond the time limits established by the Speedy Trial Act if the court finds "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself."

6. Given the complexity of this case, the nature of the investigation and prosecution, expected complicated factual and legal issues, and the volume of discovery to be produced, an enlargement of the time periods to produce discovery and file pretrial motions serves the interests of the parties and the ends of justice. This matter will require extensive document and evidence review and preparation, such that it is unreasonable to expect adequate preparation under the standard scheduling order, and for the trial, within the time limits of the Speedy Trial Act or the time limits as typically set by this Court. Therefore, an exclusion of time under 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv) is warranted. Additionally, an enlargement of time allows the opportunity for all defendants' scheduling orders to be aligned so as not to waste judicial resources.

7.   The Government has conferred with defense counsel for each Defendant, either via email or in person at the Defendants' initial appearances, and all parties agree that this case should be designated as complex and do not oppose this motion.

For the foregoing reasons, the United States moves the Court for an order finding that this case is unusual and complex such that it is unreasonable to expect adequate preparation for trial within the narrow time limits ordinarily set by the Speedy Trial Statute and that failure to grant a continuance would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, 18 U.S.C. §§ 3161(h)(8)(B)(ii) and (iv). The United States submits that the Court's order should find that a continuance of all deadlines by at least 60 days on the above grounds satisfies the ends of justice and outweighs the best interests of the public and the defendant in a speedy trial.

Dated:  December 30, 2024                    Respectfully Submitted,

                                             ANDREW M. LUGER
                                             United States Attorney

                                             *s/ Lindsey E. Middlecamp*
                                        BY:  LINDSEY E. MIDDLECAMP
                                             Assistant United States Attorney