UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 24-CR-337 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Shawn Grygo (1), | |
| Defendant. | |

This matter is before the Court on multiple nondispositive motions by Defendant Shawn Grygo: a Motion for a Bill of Particulars (Dkt. No. 65); a Motion for Discovery (Dkt. No. 67); and a Motion for Release of *Brady* Materials (Dkt. No. 68). Ms. Grygo's motion for a Bill of Particulars is denied because the indictment sufficiently alleges the charges at issue and a motion for a bill of particulars cannot be used to demand a "detailed disclosure of the evidence" the United States "will present at trial." *United States v. Lundstrom*, 880 F.3d 423, 439 (8th Cir. 2018). Her other motions are granted to the extent they are unopposed by the United States but are otherwise denied.

**I.      Procedural Background**

On December 18, 2024, a grand jury of the State and District of Minnesota returned a 14-page, multi-count Indictment against Ms. Grygo and her two co-defendants. (Dkt. No. 1.) The indictment alleges that the three defendants conspired with each other to defraud Medicaid and other health care programs by overcharging for drug and alcohol abuse

treatment provided by a company called Evergreen Recovery. The indictment then alleges multiple individual acts of fraud.

All defendants are alleged to have used free housing in Evergreen-controlled sober housing as a kickback to get patients enrolled with Evergreen. (Dkt. No. 1, ¶ 20) Once individuals were Evergreen patients, the defendants are alleged to have used various stratagems to either bill for services not provided at all to a particular person (for example, by adding the person's name to the attendance log of a group session which the person did not attend, Dkt. No. 1, ¶¶ 10—11) or to overbill for services provided (for example, by making unscheduled phone calls to the person, or to the manager of a sober home, then billing the call as a full period of service, Dkt. No. 1, ¶¶ 14—15). Ms. Grygo, alone, is charged in Counts 11—13 with money laundering.

In Count One, the grand jury charged all three defendants with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 1349. (*Id*. at 11.) Counts 2 through 10 charge the three defendants with the substantive crime of Wire Fraud, in violation of 18 U.S.C. §§ 2 and 1343. (*Id*. at 11–12.) In the allegations as to each of these counts, the Indictment enumerates the date, amount, Evergreen Recovery invoice number, and the payor corresponding with each count. (*Id*. at 12.) Counts 11 through 13 charge Ms. Grygo, but no other defendant, with money laundering, in violation of 18 U.S.C. § 1957. (*Id*. at 13.) As with Counts 2 through 10, the allegations as to Counts 11 through 13 include the date, amount, and recipient of payments corresponding with each count. (*Id*.)

Ms. Grygo filed the motions before the Court on October 6, 2025. Each of the motions address Ms. Grygo's general concern about the volume and complexity of the

prosecution's disclosures in this case and her attorney's desire for greater specificity as to the charges she faces. In her Motion for a Bill of Particulars, Ms. Grygo asks that the Court order the requested Bill to include additional details as to the invoices charged as fraudulent in Counts 2 through 10 of the Indictment, including client names, the amounts of each invoice alleged to be fraudulent, and all information "upon which the government plans to rely to prove that the billed services were not provided to that client." (Mot. for Bill of Particulars 2, Dkt. No. 65.) In her Motion for Discovery, Ms. Grygo asks the Court to order targeted discovery of relevant documents, as well as an index of the discovery in the case to assist counsel in analyzing the "massive volume of documents" produced in this case, which she describes as a "document dump." (Mot. for Discovery, Dkt. No 67; Def.'s Mem. in Supp. 3, Dkt. No. 69.) Ms. Grygo's Motion for Release of *Brady* Materials seeks evidence that is favorable to her case and material either to guilt or punishment, pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and its progeny. (Mot. for *Brady* Materials, Dkt. No. 68; Def.'s Mem. in Supp. 7, Dkt. No. 69.) The majority of that motion is made in a manner specifically entwined with her Motion for Discovery, and the Court addresses those two motions together. That motion also seeks information in the possession of Minnesota state agencies who also have investigated Defendants and their billing activities.

II.    **Legal Standard**

Under the Federal Rules of Criminal Procedure, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged," which includes a citation to the law the defendant is alleged to have violated and is signed by a prosecutor. Fed. R. Crim. P. 7(c)(1). The Eighth Circuit has held that "[a]n

3

indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Steffan*, 687 F.3d 1104, 1109 (8th Cir. 2012) (quoting *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993)); *see also Hamling v. United States*, 418 U.S. 87, 117 (1974). Indictments are not reviewed "in a hyper technical fashion and should be 'deemed sufficient unless no reasonable construction can be said to charge the offense.'" *United States v, O'Hagan*, 139 F.3d 641, 651 (8th Cir. 1998) (quoting *United States v. Morris*, 18 F.3d 562, 568 (8th Cir. 1994)).

A court may order the prosecution to provide the defendant with a bill of particulars, but the Federal Rules of Criminal Procedure are silent as to when such an order is appropriate. Fed. R. Crim. P. 7(f). The Eighth Circuit has provided that information, holding that "the primary purposes of a bill of particulars are to inform the defendant of the nature of the charges against him and to prevent or minimize the element of surprise at trial." *United States v. Garrett*, 797 F.2d 656, 665 (8th Cir.1986). District courts can order a bill of particulars "where the particulars set out in the indictment fail sufficiently to apprise the defendant of the charges to enable him to prepare a defense." *Id.* Because a bill of particulars is not a proper discovery tool, it should not be used to seek detailed disclosure of the government's evidence at trial. *Lundstrom*, 880 F.3d at 439.

Ms. Grygo seeks not only discovery, but also exculpatory information. "In criminal cases, the prosecution's discovery obligation is rooted in two separate sources: Rule 16 of the Federal Rules of Criminal Procedure and the Due Process Clause of the Fifth and

indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Steffan*, 687 F.3d 1104, 1109 (8th Cir. 2012) (quoting *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993)); *see also Hamling v. United States*, 418 U.S. 87, 117 (1974). Indictments are not reviewed "in a hyper technical fashion and should be 'deemed sufficient unless no reasonable construction can be said to charge the offense.'" *United States v, O'Hagan*, 139 F.3d 641, 651 (8th Cir. 1998) (quoting *United States v. Morris*, 18 F.3d 562, 568 (8th Cir. 1994)).

A court may order the prosecution to provide the defendant with a bill of particulars, but the Federal Rules of Criminal Procedure are silent as to when such an order is appropriate. Fed. R. Crim. P. 7(f). The Eighth Circuit has provided that information, holding that "the primary purposes of a bill of particulars are to inform the defendant of the nature of the charges against him and to prevent or minimize the element of surprise at trial." *United States v. Garrett*, 797 F.2d 656, 665 (8th Cir.1986). District courts can order a bill of particulars "where the particulars set out in the indictment fail sufficiently to apprise the defendant of the charges to enable him to prepare a defense." *Id.* Because a bill of particulars is not a proper discovery tool, it should not be used to seek detailed disclosure of the government's evidence at trial. *Lundstrom*, 880 F.3d at 439.

Ms. Grygo seeks not only discovery, but also exculpatory information. "In criminal cases, the prosecution's discovery obligation is rooted in two separate sources: Rule 16 of the Federal Rules of Criminal Procedure and the Due Process Clause of the Fifth and

Fourteenth Amendments to the U.S. Constitution." *United States v. Ivers*, No. 22-CR-341 (RWP/HCA), 2023 WL 2182327, at *2 (D. Minn. Feb. 23, 2023). Under the Due Process Clause, the United States must "disclose to the defense any exculpatory or impeachment evidence favorable to the accused that is in the prosecution's possession." *Id*. Some courts, though none in this District or the Eighth Circuit, have held that "the prosecution's possession" can sometimes extend to material possessed by non-federal, state or local agencies, if the prosecutor knows of the material's existence, or if the state or local agency participated in the investigation that led to charges in the case. *See e.g. United States v. Risha*, 445 F.3d 298, 304-06 (3d Cir. 2006); *United States v. Antone*, 603 F.2d 566, 569-70 (5th Cir. 1979). There is law in this District finding that information "in the hands of other federal agencies must also be turned over if the prosecutor has knowledge of and access to the documents sought." *United States v. Ivers*, No. 22-CR-341 (RWP/HCA), 2023 WL 2182327, at *2 (D. Minn. Feb. 23, 2023) (citing *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989)).

Under Rule 16, the United States must disclose the specific information listed in that Rule. *Id*.; Fed. R. Crim. P. 16(a)(1)(A)–(E). The United States will be required to extend its search for Rule 16 materials if the defense makes a focused request for additional information that includes a showing that the requested additional information is material to either guilt or punishment.

### III. <u>Analysis</u>

#### A. **Motion for Bill of Particulars (Dkt. No. 65)**

Ms. Grygo asserts that the Indictment in this case fails to provide her notice of "what portions of the invoices were allegedly fraudulently billed and why those portions represent fraud." (Def.'s Mem. in Supp. of Mot. for Bill of Particulars 2, Dkt. No. 66.) This assertion is based, in part, on the fact that the United States alleges that Ms. Grygo's activities include overbilling, rather than solely billing that is entirely fraudulent. (*See id*. at 4.)

The Court reads Ms. Grygo's motion as additional argument in support of her motion for more tailored discovery. But "[a] bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011) (quoting *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir 2009)). The Court finds that the Indictment is sufficient under the standards promulgated by the Eighth Circuit, providing dates and invoice numbers of the billing activity in question and explaining the gravamen of the charges against Ms. Grygo under each of the various theories of fraud used by the prosecution (sober housing as a kickback, overbilling for group sessions, using short phone calls to generate a billing event that can then be padded, etc.). The indictment, as required, is signed by a prosecutor. The indictment provides more than sufficient information to allow Ms. Grygo to know what she is charged with, the indictment itself is more than adequate under the relevant legal standards, and for those reasons Ms. Grygo's motion for a bill of particulars is denied.

B. **Motion for Discovery and *Brady* Materials (Dkt. Nos. 67 & 68)**

Ms. Grygo's main complaint is that the volume of discovery in the case, coupled with the complexity of the allegations in the indictment, makes it difficult to impossible for her to locate evidence, whether exculpatory or inculpatory. Indeed, as the Court notes above, her motion for a bill of particulars is most easily understood as an adjunct to her motion for targeted discovery.

The parties have not asked the Court to rule on issues regarding the disclosure of specific documents. Ms. Grygo's Motions do not allege that the United States is withholding material discovery. Rather, she alleges that the United States' discovery disclosures have been so voluminous as to make preparation of her case impossible and asks the Court to order the United States to produce "targeted, relevant, and indexed discovery." (Def.'s Mem. in Supp. 9, Dkt. No. 69.) The United States recognizes the complexity of this case and the large amount of discovery it has produced. In fact, it stated that it "remains willing to answer questions and assist the defense in locating evidence or categories of documents" and has since provided Ms. Grygo's counsel with access to a database of information containing the discovery in this case. (U.S. Resp. 5, Dkt. No. 83.) At the hearing, the United States also agreed to work with defense counsel to identify "hot docs," or documents that the United States thinks provide the most support for its allegations.

The Court finds that Ms. Grygo has not alleged inappropriate discovery behavior by the United States Attorney's Office in this case, nor did she intend to. More than that, on the record before it, the Court does not find that any inappropriate discovery behavior took

place. Rather, Ms. Grygo's concerns arise from the nature of the case, the complexity of the allegations, and the volume of the prosecution's pretrial disclosures. As a matter of clarity, the Court orders the United States, a second time, to comply with its obligations under *Brady* and its progeny and Fed. R. Crim. P. 16(a) and (c) to the extent it has not already done so. The Court does not order the preparation of an index to the disclosures but will instead order counsel to continue to work collaboratively to identify relevant and focused documents (and other items of discovery) in the large amount of material the United States has disclosed. Discovery in this case is complex and will require significant time. If additional time is needed for Ms. Grygo to adequately prepare her defense, she may seek appropriate relief from the existing deadlines from the Court.

Finally, Ms. Grygo seeks information collected and possessed by various state agencies in their respective investigations into the behavior alleged in the indictment. (Def.'s Mem. in Supp. 8–9, Dkt. No. 69.) Her brief cites authority from other Circuits where courts have held that such information is discoverable under the Fifth and Fourteenth Amendment's Due Process Clauses. (*See id.*) In response, the United States says that it has produced all information within the possession and control of the United States, much of which was provided to the United States by the Minnesota state agencies from which Ms. Grygo now seeks discovery. (U.S. Resp. 6, Dkt. No. 83.) The Court finds the discovery provided sufficient to satisfy the United States' discovery obligations, as any information in the possession of the state agencies that is available to the United States in proving its case has been provided to Ms. Grygo. Nevertheless, the Court will order that the United States disclose any and all exculpatory and impeaching information as it comes into

possession of the information. *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

## **ORDER**

Accordingly, based on all the files, records, and proceedings herein:

1. Ms. Grygo's Motion for a Bill of Particulars (Dkt. No. 65) is **DENIED;**

2. Ms. Grygo's Motion for Discovery (Dkt. No. 67) is **GRANTED in part and DENIED in part**;

3. Ms. Grygo's Motion for *Brady* Materials (Dkt. No. 68) is **GRANTED in part and DENIED in part;**

4. The United States shall comply with Fed. R. Crim. P. 16(a) and (c) to the extent it has not already done so; and

5. As it agreed to do, and as required by governing law, the United States shall disclose exculpatory and impeaching information and shall do so as soon as it comes into possession of the information. *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

Date: November 17, 2025

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge