UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Shawn Grygo,<br><br>　　　　　Defendant. | Case No.: 24-cr-337 (KMM/JFD)<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS TO MAGISTRATE JUDGE DOCHERTY'S ORDER (DOC. 88)** |

_____

## INTRODUCTION

Defendant Shawn Grygo offers the following argument in support of her objections to the Magistrate Judge's Order (Doc. 88).

## ARGUMENT

**I.　　Standard of review.**

Appeals of a magistrate judge's order on a non-dipositive pretrial matter are subject to an extremely deferential standard of review. *United States v. Chen,* 2023 WL 3597904 at * 2 (D. Minn. 2023). Such an order should be reversed "only if it is clearly erroneous or contrary to law." Id; citing *Roble v. Celestica Corp.,* 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chen,* supra (internal quotations and citations omitted). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law

or rules of procedure." Id. (citation omitted); see also *United States v. Wirth,* 2012 WL 1110540 at *2 (D. Minn. 2012).

> **II.   The magistrate judge's erred by finding that the United States Attorney's Office, and its law enforcement partners have met their discovery obligations.**

Fed. R. Crim. P. 16(a)(1)(E) provides as follows:

**(E) Documents and Objects.** Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

**(i)**   the item is material to preparing the defense;

**(ii)**   the government intends to use the item in its case-in-chief at trial; or

**(iii)** the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

Information is "material" for purposes of Rule 16 when it is "helpful to the defense." *United States v. Vue,* 13 F.3d 1206, 1208 (8th Cir. 1994). The materiality standard is satisfied when the evidence sought "is relevant to an argument the defendant would make to refute the government's case-in-chief. *United States v. Happ,* 2008 WL 5101214 at *3 (S.D. Ohio 2008) (citing *United States v. Armstrong,* 517 U.S. 456, 462 (1996)). Evidence is material when it "will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Lloyd,* 992 F.2d 348, 351 (D.C. Cir. 1993). The defendant must make a threshold showing of materiality. *United States v. Ivers,* 2023 WL 2182327

at * 2 (D. Minn. 2023) (citing *United States v. W.R. Grace,* 401 F. Supp. 2d 1069, 1074 (D. Mont. 2005).

Here, the government seized all of the business records and documents from Evergreen Recovery's business, along with the electronic devices that had access to all the business records through a software program called "Procentive." This software and the devices upon which it was loaded are in the possession custody and control of the United States Attorney's office and/or its law enforcement partners. This category of evidence falls squarely within the parameters of Fed. R. Crim. P. 16(a)(1)(E)(iii). The United States Attorneys office has indicated its intention to provide the defense with the login credentials in a format upon which the defense can affectively review this critical material with his client. Furthermore, upon information and belief without the appropriate software login the data cannot be reviewed at the U.S. Attorney's office in an effective and efficient manner. To date this critical discovery has not yet been produced.

    **III.**    **The Magistrate erred by not ordering the Government to assist the defense with obtaining access to Minnesota Department of Human Services Records.**

When a case involves multiple federal agencies, "[i]nformation in the hands of other federal agencies must also be turned over if the prosecutor has knowledge of and access to the documents sought." *Ivers,* 2023 WL 2182327 at * 2 (citing *W.R. Grace,* 401 F. Supp. 2d at 1074). The knowledge and access test is met as to information in the possession, custody or control of a federal agency participating in the same investigation. *W.R. Grace,* 401 F. Supp. 2d at 1074-1075. Information in the possession of federal agencies not directly involved with an investigation are also discoverable "if the

prosecutor has knowledge of and access to the information and the requirements of the rule are otherwise met.'" Id. See also *United States v. Safavian,* 233 F.R.D. 12, 19 (D.D.C. 2005) (extending the prosecution's obligation under Rule 16 to documents in the possession, custody or control of any agency of the Executive Branch of the government). Where a state agency has participated in an investigation, documents within the scope of that agency's involvement in the investigation are within the scope of the government's constructive possession for rule 16 purposes. *United States v. Corbett,* 2023 WL 1930642 at *2-4 (E.D.CA 2023) (holding that where California Department of Corrections ("CDCR") participated in investigation of RICO conspiracy, prosecution had knowledge of and access to "tangible things generated by or gathered from any source…by CDCR as part of its response to the investigation of [the] case.").

Here the defense has sought disclosure of all billing records, receipts and reporting documents submitted to the Minnesota Department of Human Services by any of the companies associated with the defendant.  This appears to be deemed a request for records that are not in the custody possession or control of any of the United States Attorney's office partners.  It is not such a request.  The defense seeks disclosure of these documents provided to any United States Attorney law enforcement partner to assist them in their investigation of Ms. Grygo and any of the companies she is associated with. It defies logic that the Government can meet its burden of proof at trial without confirming that Minnesota DHS received requests for payment from a company associated with Ms. Grygo and that DHS actually paid those invoices.  Upon information and belief, the

United States Attorney's office is aware that DHS has its own software program that has this information and that law enforcement partners can access it.  The defense cannot.

## CONCLUSION

For the forgoing reasons, Defendants ask that their objection to the Magistrate Judge's Order concerning her discovery motion be sustained. They therefore request that her motions for discovery (ECF No. 88) be granted in full.

Respectfully submitted,

**SIEBEN & COTTER, PLLC**

Dated:   December 1, 2025

*/s/ Patrick L. Cotter*
Patrick L. Cotter (#0319120)
105 Hardman Court, Suite 110
South St. Paul, MN 55075
Phone: (651)-455-1555
Fax: (651) 455-9055
patrick@siebencotterlaw.com

**ATTORNEYS FOR DEFENDANT SHAWN GRYGO**